04-CV-00936-CMP

Fee waived
per USC 38 43

S/C/SS



FILED _____ ENTERED
_____ LODGED_____ RECEIVED

APR 2 3 2004   MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

IN UNITED STATES COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DANA L. BEAUDINE,

           Plaintiff,

vs.

SECURITAS SECURITY
SERVICES USA, INC.,

           Defendant.

**CV 04-0936 RBL**

COMPLAINT FOR REINSTATEMENT
OF EMPLOYMENT RIGHTS UNDER THE
UNIFORM SERVICE EMPLOYMENT
REEMPLOYMENT RIGHTS ACT OF 1994
(USERRA) 38 U.S.C. CHAPTER 43
§§4301-4333

COMES NOW the above-named plaintiff by and through his attorney of record Charles L. Meyer, and for cause of action asserts and alleges as follows:

    1.    <u>Parties</u>:

    a)    Dana Beaudine is a resident of Pierce County, State of Washington and resides within the jurisdiction of the United States Court for the Western District of Washington. He was a member of the Oregon National Guard and was called to active duty and deployed to Iraq in February of 2003. He is a member of the protected class set forth in USERRA.

    b)    Defendant Securitas Security Services USA, Inc., is a Delaware

COMPLAINT-1

LAW OFFICES OF
CHARLES L. MEYER
1000 Second Avenue, Suite 1560
Seattle, Washington 98104-1046.
(206) 292.0088
FAX (206) 292-0096

1 corporation with its home offices at 2000 Michigan Avenue, 20th Floor, Chicago, Illinois

2 60604. Securitas is the successor to Dana L. Beaudine's employer Argus Services,

3 Inc. as defined by USC 38, Chapter 43 §43044(a)(iv).

4     2.     Jurisdiction: This Court has jurisdiction over the subject matter and parties

5 to this action pursuant to 38 USC Chapter 43, et seq, and in particular 38 USC

6 §4323(b)(2).

7     3.     Venue: This Court has venue over this matter because the defendant

8 employer maintains a place of business within the Western District of Washington.

9     4.     Facts:

10     a)     Dana L. Beaudine is a resident of Spanaway, Pierce County, Washington.

11 He is married to his wife Michelle and has three children: Brianna (age 7), Blaine (age

12 3), and Brett (age 6 months). He is a member of Local #5 SPFPA.

13     b)     In February 2003, while working for Argus Services, Inc. as a security

14 guard at the Jackson Federal Office Building in Seattle, Washington, Mr. Beaudine was

15 called up as a member of the Oregon National Guard and deployed with the rank of

16 Corporal to the Iraq theater of operation.

17     c)     In April 2003, while on active duty in the Iraq theater, Dana was injured

18 and he was air-vacced to Germany and ultimately returned home to Ft. Lewis,

19 Washington to convalesce from his injuries.

20     d)     In October 2003 Dana was cleared to return to work, and was given

21 permission by his commander to begin working weekends and leave time at his former

22 job. On October 12, 2003, Mr. Beaudine resumed his job at the Jackson Federal Office

23 Building with Securitas, the successor to his former employer Argus Services, Inc.,

24 under a federal contract to provide security for, among other locations, the Jackson

25 Federal Office Building. Dana worked the weekend without incident, performing all his

26 duties as required.

27

28 COMPLAINT-2

LAW OFFICES OF

CHARLES L. MEYER
1000 Second Avenue, Suite 1560
Seattle, Washington 98104-1046.
(206) 292 0088
FAX (206) 292-0068

1      e)      When Dana called for his next weekend assignment which would have

2  been the weekend of October 19, 2003, he was informed that he could not work until

3  he  provided medical proof that his injuries did not prevent him from performing his

4  duties.

5      f)      On or about November 4, 2003, Dana provided a statement from Col.

6  Hicks, head of psychiatry at Madigan Hospital in which Col Hicks stated:

7              The patient is mentally competent to handle his own affairs.
             He has the capacity to understand the nature of and
8             cooperate in physical evaluation board proceedings and he
             is not considered dangerous to himself or others

9      g)      This statement was immediately delivered to defendant Securitas.

10     h)      After being put off for approximately one month Mr. Beaudine enlisted the

11 assistance of the Oregon National Guard and the Department of Labor to secure his

12 rights under USERRA.

13     I)      On or about December 31, 2003, Securitas notified Mr. Beaudine that he

14 would need to see a forensic psychiatrist in order to get his job back, something he was

15 uncomfortable with given the way he had been treated to date by Securitas.

16     j)      Subsequently, Dana was seen and cleared for duty as an armed guard

17 by Dr. Ross Mayberry, a noted licensed psychologist with extensive background and

18 history regarding PTSD in veterans.

19     k)      This report was provided to Securitas on or about April 9, 2004.

20     l)      To date Securitas continues to deny Dana his job for the stated reason

21 in its latest letter to the Department of Labor dated March 12, 2004

22              We continue to maintain that Securitas Security Services,
23             USA, Inc., is not a successor employer of Argus Security
             as a result of the transactions that occurred between the
24             two companies in September 2003.    Securitas USA
             purchased only the right to take over the existing contracts
25             of Argus Services and assumed no liabilities. (Letter dated
             March 12, 2004 from Rosalind De'Atley, Manager,
26             Employee Relations Department, Securitas Security
             Services USA, Inc. To Greg Mercer, Assistant Director,
27

28 COMPLAINT-3

LAW OFFICES OF

CHARLES L. MEYER
1000 Second Avenue,  Suite 1560
Seattle, Washington 98104-1046.
(206) 292 0088
FAX (206) 292-0088

Veterans Employment and Training Service, U.S. Department of Labor).

m)      Securitas is a successor as defined by USERRA and is charged with all the duties and responsibilities of the act as it relates to returning service personnel. Securitas has known or should have known from these obligations and their refusal to reemploy Dana Beaudine is wilful and intentional under the act entitling Dana Beaudine to liquidated damages in addition to his actual damages as set forth by law.

n)      Even if Dana's injuries would have prevented him from performing his duties as an armed guard, Securities still had a duty under USERRA to accommodate any perceived disabilities at the same rank, benefits, and pay, something Securitas was never willing to do, having offered a non-armed position at $7.00 per hour less than Dana's previous wages.

o)      At all times relevant Securitas continues to refuse to restore Dana to his former position with all the attendant benefits, security and pay as set forth in USERRA, or offer him a different position at the same rate of seniority pay and benefits as required by law.

5.      Damages Under USERRA (USC 38, Chapter 43, §4323, et seq.).

a)      Plaintiff Dana Beaudine is entitled to all back pay and benefits less any monies earned as an offset while he awaits return to his proper job.

b)      After all credits and offsets, Dana Beaudine is due, through April 10, 2004, the sum of $8,940.00 plus liquidated damages of $8,940.00 for Securitas' wilful refusal to reemploy Dana under the act.

c)      Attorneys' fees to date are 30 hours at $225.00 per hour or $6,750.00 and will continue at the rate of $225.00 per hour until this matter is properly resolved.

d)      Dr. Ross Mayberry's fees as billed as an expert witness are also due under the act. Dr. Mayberry's estimated fees to date are approximately $1,000.00.

e)      Plaintiff is further entitled if the court finds the defendant's violation of the

COMPLAINT-4

LAW OFFICES OF

CHARLES L. MEYER
1000 Second Avenue, Suite 1500
Seattle, Washington 98104-1046.
(206) 292-0068
FAX (206) 292-0068

1    act willful, to an award of liquidated damages equal to his back pay and benefits;

2         WHEREFORE, plaintiff prays for relief as follows:

3         1.    Reinstatement of his job with all his rights and benefits as guaranteed by

4    USERRA;

5         2.    For all back pay and benefits due plaintiff since October 19, 2003, and a

6    like amount to be awarded as liquidated damages under USERRA as set forth in the

7    complaint herein;

8         3.    For reasonable attorney's fees, expert fees and litigation costs as

9    allowable under USERRA as determined by the court.

10        4.    For such further relief as the court deems just and equitable.

11

12   DATE: _____4/22/2004_____        _Chas. d. Meyer_

13                                    Charles L. Meyer, WSBA No. 5279
                                      Attorney for Plaintiff
14                                    Dana L. Beaudine

15

16

17

18

19

20

21

22

23

24

25

26

27
     COMPLAINT-5
28

LAW OFFICES OF

CHARLES L. MEYER
1000 Second Avenue, Suite 1560
Seattle, Washington 98104-1045.
(206) 292 0098
FAX (206) 292-0088